UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAP HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 12-10751-JGD |
| | ) | |
| ROBERT D. CONNORS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO REMAND

July 5, 2012

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, CAP Holdings, Inc. ("CAP"), commenced an action on March 21, 2012 in Middlesex Superior Court to collect on a judgment against the defendant, Robert D. Connors ("Connors"). Connors timely removed the matter to this court, and CAP responded with a Motion to Remand (Docket No. 7), which is presently before the court. At issue is whether the collection case raises a federal question, and/or whether CAP has waived its right to object to removal on the grounds of diversity jurisdiction. As detailed more fully herein, this court finds that it has jurisdiction over the suit to collect a federal judgment and that CAP expressly waived its objection to removal to federal court. Therefore, CAP's Motion to Remand (Docket No. 7) is DENIED.

## II. STATEMENT OF FACTS[1]

The plaintiff, CAP, is a Texas corporation, and the defendant, Connors, is an individual who resides in Massachusetts. In 1992, Olympic International Bank and Trust Company ("Olympic") sued Connors in the Suffolk Superior Court in a matter entitled <u>Olympic International Bank and Trust Company v. Robert D. Connors, et. al.</u>, Civil Action No. 90-3140. (Compl. ¶ 4). On April 7, 1992, Olympic obtained a judgment against Connors and others after a jury trial in the amount of $611,185.85. (PF ¶ 2)

Olympic then went into receivership, with the FDIC appointed receiver. (PF n.1). The FDIC, as receiver, removed the matter to this court on May 19, 1993. <u>FDIC v. Connors</u>, Civil Action No. 93-11107-DPW. The FDIC filed a motion for judgment, which was allowed on June 11, 1993, and entered on June 14, 1993. (Docket No. 10).[2] A writ of execution was entered against Connors on March 8, 1994 in the amount of $725,270.49. (<u>See</u> Docket Entry).

CAP contends that the judgment was assigned to it, and that it has proof of the chain of title. (PF ¶ 3). According to Connors, the judgment was assigned to his wife,

---

[1] Unless otherwise indicated, the facts are derived from plaintiff's Complaint in the Massachusetts Superior Court (included in Docket No. 1, Ex. 2) ("Compl."); plaintiff's statement of facts as found in their Motion to Remand to State Court (Docket No. 7) ("PF"); and defendant's Opposition to plaintiff's Motion to Remand to State Court (Docket No. 9) ("Opp.").

[2] A copy of the docket sheet in the FDIC action is attached to defendant's Opposition as Exhibit 1.

Kathleen Connors, on November 5, 1996 for $10. (Countercl. (Docket No. 3) at ¶¶ 5-6; PF n.1).[3] Mrs. Connors is not a party to this action.

CAP commenced its present collection action in Middlesex Superior Court on March 21, 2012. Although CAP's state court complaint only references Olympic's state court suit against Connors, it is undisputed that Olympic's judgment was subsequently entered in this court in the action brought by the FDIC, as described above. (See PF n.1). Connors removed CAP's suit to this court on April 27, 2012 pursuant to 28 U.S.C. §§ 1441 and 1446.[4] (Docket No. 1). On that day, CAP's counsel sent an email to Connors stating, in relevant part:

> The requirements and procedures in USDC are tighter than state court. The plaintiff does not object to the removal to USDC, in fact, I welcome it. Things will move faster than in state court.

(Opp. at Ex. 2).

---

[3] Connors seems to be relying on an execution which may have been issued by this court in Civil Action No. 93-11107 on January 6, 1997, and which refers to a judgment recovered by the FDIC "as Receiver for Olympic International Bank & Trust Company assigned to Kathleen Bennett Connors" against Edward C. Simonian. (Notice of Removal (Docket No. 1) at Ex. 1). However, as noted above, according to the docket in Civil Action No. 93-11107, a writ of execution was issued against Connors on March 8, 1994.

[4] Connors' Notice of Removal also refers to removal pursuant to 12 U.S.C. § 632, which establishes federal jurisdiction over any civil action in which a corporation organized under the laws of the United States is a party and the action arises from transactions involving international banking, or over any civil action in which a Federal Reserve bank is a party, or where "any insured bank has received any property from or for the account of a foreign state which is recognized by the Government of the United States." CAP does not address this ground in its motion to remand and 12 U.S.C. § 632 does not appear to be applicable. Therefore, it will not be addressed further.

On May 5, 2012, CAP filed its answer to Connors' counterclaim. On May 18, 2012, it filed its Motion to Remand.

Additional facts will be addressed below as appropriate.

### III. <u>ANALYSIS</u>

#### A. <u>Federal Question Jurisdiction</u>

The defendant removed this action to federal court pursuant to 28 U.S.C. § 1441(a), which provides for the removal of a civil action "of which the district courts of the United States have original jurisdiction[.]" This includes claims "arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. "The federal courts have interpreted this statutory grant of power narrowly[,]" so, when faced with a motion to remand, "the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper." Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995) (internal citations omitted). Removal statutes are to be "strictly construed against removal and doubts resolved in favor of remand." Id. See also Kingsley v. Lania, 221 F. Supp. 2d 93, 95 (D. Mass. 2002).

In the instant case, jurisdiction is based on the judicially-created doctrine of "enforcement jurisdiction," which was "born of the necessity that courts have the power to enforce their judgments." U.S.I. Props. Corp. v. M.D. Const. Co., 230 F.3d 489, 496 (1st Cir. 2000). Thus, "although federal courts are courts of limited jurisdiction, they often retain residual federal jurisdiction over postjudgment enforcement proceedings

flowing from their original jurisdiction over the action." Id. Consequently, a federal court's jurisdiction does not end "by the rendition of its judgment, but continues until that judgment shall be satisfied." Id. (internal quotation and citation omitted). Since CAP is seeking to enforce a federal judgment, this court has jurisdiction over the action.[5] For this reason alone, the motion to remand must be denied.

B. **Diversity Jurisdiction**

The motion to remand must be denied for the additional reason that this court can exercise its diversity jurisdiction over this matter. This case could have been brought in this court on the basis of diversity jurisdiction  Ordinarily, however, Connors should not have been able to remove the matter since he is a citizen of the Commonwealth of Massachusetts. 28 U.S.C. § 1441(b)(2) (an action removable on the basis of diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which suit action is brought"). However, as Connors argues, CAP waived the right to object to removal.

"[R]emoval in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect that is subject to waiver under 28 U.S.C.

---

[5] As a general statement, the court must look to the plaintiff's complaint in deciding, for purposes of removal, whether the plaintiff's claim is a federal question. Kingsley v. Lania, 221 F. Supp. 2d at 95, and cases cited. However, the plaintiff's complaint must not frustrate the defendant's right to removal by failing to reference any applicable federal law or issue. See id. (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3722 at 436 (3rd ed. 1998)). In the instant case, although CAP's complaint only refers to Olympic's state court action, it is undisputed that final judgment on the debt was entered by the federal court following the FDIC's appointment as Olympic's receiver. CAP cannot circumvent this court's jurisdiction by simply omitting this fact from its complaint.

§ 1447(c)." Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012). See also Stromberg v. Costello, 456 F. Supp. 848, 849 (D. Mass. 1978) (although removal was "technically improper since defendant is a resident of Massachusetts," court finds that plaintiff waived his right to remand by proceeding in federal court without objection); Farm Constr. Servs. v. Fudge, 831 F.2d 18, 21-22 (1st Cir. 1987) (plaintiff waived right to remand although the initial removal was improper since defendant was a citizen of Massachusetts). While "there are no fixed criteria for determining when waiver of objections to removal has occurred[,] . . . [t]he clearest case for finding waiver occurs where the party seeking removal has explicitly agreed to removal. In such a case, the parties' clear assent may vitiate the need to defer to the original choice of forum." Recchion on Behalf of Westinghouse Elec. Corp. v. Kirby, 637 F. Supp. 290, 294 (W.D. Pa. 1986) (internal citation omitted). In the instant case, counsel for CAP expressly wrote in an email dated April 27, 2012 that "the plaintiff does not object to removal to USDC" but, rather, welcomes the removal. (Opp Ex. 2). Due to this express waiver of the removal of the action to federal court, the motion to remand is denied on this basis as well.

## IV.  CONCLUSION

For all of the reasons detailed herein, the instant case raises a federal question and CAP has waived its right to object to removal on the grounds of diversity.  Therefore, the plaintiff's Motion to Remand (Docket No. 7) is DENIED.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge